UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MATTHEW WHITFIELD, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No. _____ |
| v. | ) |
| | ) JURY TRIAL DEMANDED |
| CORE-MARK HOLDING COMPANY, | ) |
| INC., SCOTT E. MCPHERSON, ROCKY | ) |
| DEWBRE, ROBERT G. GROSS, STUART | ) |
| W. BOOTH, GARY F. COLTER, HARVEY | ) |
| L. TEPNER, RANDOLPH I. THORNTON, | ) |
| LAURA FLANAGAN, DIANE | ) |
| RANDOLPH, PERFORMANCE FOOD | ) |
| GROUP COMPANY, LONGHORN | ) |
| MERGER SUB I, INC., and LONGHORN | ) |
| MERGER SUB II, LLC, | ) |
| | ) |
| Defendants. | ) |

**COMPLAINT FOR VIOLATION OF THE SECURITIES EXCHANGE ACT OF 1934**

Plaintiff, by his undersigned attorneys, for this complaint against defendants, alleges upon personal knowledge with respect to himself, and upon information and belief based upon, *inter alia*, the investigation of counsel as to all other allegations herein, as follows:

**NATURE OF THE ACTION**

1. This action stems from a proposed transaction announced on May 18, 2021 (the "Proposed Transaction"), pursuant to which Core-Mark Holding Company ("Core-Mark" or the "Company") will be acquired by Performance Food Group Company ("Parent"), Longhorn Merger Sub I, Inc. ("Merger Sub I"), and Longhorn Merger Sub II, LLC ("Merger Sub II," and together with Parent and Merger Sub I, "PFG").

2. On May 17, 2021, Core-Mark's Board of Directors (the "Board" or "Individual Defendants") caused the Company to enter into an agreement and plan of merger (the "Merger

Agreement") with PFG. Pursuant to the terms of the Merger Agreement, Core-Mark's stockholders will receive 0.44 shares of Parent common stock and $23.875 in cash for each share of Core-Mark common stock they own.

3. On June 28, 2021, defendants filed a Form S-4 Registration Statement (the "Registration Statement") with the United States Securities and Exchange Commission ("SEC") in connection with the Proposed Transaction.

4. The Registration Statement omits material information with respect to the Proposed Transaction, which renders the Registration Statement false and misleading. Accordingly, plaintiff alleges herein that defendants violated Sections 14(a) and 20(a) of the Securities Exchange Act of 1934 (the "1934 Act") in connection with the Registration Statement.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over the claims asserted herein pursuant to Section 27 of the 1934 Act because the claims asserted herein arise under Sections 14(a) and 20(a) of the 1934 Act and Rule 14a-9.

6. This Court has jurisdiction over defendants because each defendant is either a corporation that conducts business in and maintains operations within this District, or is an individual with sufficient minimum contacts with this District so as to make the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

7. Venue is proper under 28 U.S.C. § 1391(b) because a portion of the transactions and wrongs complained of herein occurred in this District.

## PARTIES

8. Plaintiff is, and has been continuously throughout all times relevant hereto, the owner of Core-Mark common stock.

9. Defendant Core-Mark is a Delaware corporation and a party to the Merger Agreement. Core-Mark's common stock is traded on the NASDAQ, which is headquartered in New York, New York, under the ticker symbol "CORE."

10. Defendant Scott E. McPherson is President, Chief Executive Officer, and a director of the Company.

11. Defendant Rocky Dewbre is a director of the Company.

12. Defendant Robert G. Gross is a director of the Company.

13. Defendant Stuart W. Booth is a director of the Company.

14. Defendant Gary F. Colter is a director of the Company.

15. Defendant Harvey L. Tepner is a director of the Company.

16. Defendant Randolph I. Thornton is a director of the Company.

17. Defendant Laura Flanagan is a director of the Company.

18. Defendant Diane Randolph is a director of the Company.

19. The defendants identified in paragraphs 10 through 18 are collectively referred to herein as the "Individual Defendants."

20. Defendant Parent is a Delaware corporation and a party to the Merger Agreement.

21. Defendant Merger Sub I is a Delaware corporation, a wholly-owned subsidiary of Parent, and a party to the Merger Agreement.

22. Defendant Merger Sub II is a Delaware limited liability company, a wholly-owned subsidiary of Parent, and a party to the Merger Agreement.

## SUBSTANTIVE ALLEGATIONS

*Background of the Company and the Proposed Transaction*

23. Core-Mark offers a full range of products, marketing programs, and technology solutions to approximately 40,000 customer locations in the U.S. and Canada through thirty-two distribution centers. The Company services traditional convenience stores, grocers, drug stores, mass merchants, liquor and specialty stores, and other stores that carry convenience products.

24. On May 17, 2021, Core-Mark's Board caused the Company to enter into the Merger Agreement with PFG.

25. Pursuant to the terms of the Merger Agreement, Core-Mark's stockholders will receive 0.44 shares of Parent common stock and $23.875 in cash for each share of Core-Mark common stock they own.

26. According to the press release announcing the Proposed Transaction:

Performance Food Group Company (PFG) (NYSE: PFGC) and Core-Mark Holding Company, Inc. (Core-Mark) (NASDAQ: CORE) today announced that they have entered into a definitive agreement pursuant to which PFG will acquire Core-Mark in a stock and cash transaction.

Under the terms of the transaction, which has been unanimously approved by the Board of Directors of each company, Core-Mark shareholders will receive $23.875 per share in cash and 0.44 PFG shares for each Core-Mark share. The transaction values Core-Mark at approximately $2.5 billion, including Core-Mark's net debt. Upon closing of the transaction, Core-Mark shareholders will own approximately 13% of the combined company. Core-Mark expects to continue paying its current quarterly dividend through the completion of the transaction. . . .

Upon closing of the transaction, at least one current Core-Mark director will be added to the PFG Board of Directors. . . .

The transaction is expected to close in the first half of calendar 2022, subject to U.S. federal antitrust clearance, Core-Mark shareholder approval, and other customary closing conditions. The transaction is not subject to PFG shareholder approval.

BMO Capital Markets Corp. acted as the exclusive financial advisor to PFG, and J.P. Morgan Securities LLC provided a fairness opinion to the Board of Directors

of PFG. Skadden, Arps, Slate, Meagher & Flom LLP acted as legal counsel to PFG. Barclays acted as the exclusive financial advisor to Core-Mark. Weil, Gotshal & Manges LLP acted as legal counsel to Core-Mark.

*The Registration Statement Omits Material Information, Rendering It False and Misleading*

27.   Defendants filed the Registration Statement with the SEC in connection with the Proposed Transaction.

28.   As set forth below, the Registration Statement omits material information.

29.   First, the Registration Statement omits material information regarding the Company's and PFG's financial projections.

30.   The Registration Statement fails to disclose: (i) all line items used to calculate the projections; (ii) all assumptions underlying the projections; and (iii) a reconciliation of all non-GAAP to GAAP metrics.

31.   The disclosure of projected financial information is material because it provides stockholders with a basis to project the future financial performance of a company, and allows stockholders to better understand the financial analyses performed by the company's financial advisor in support of its fairness opinion.

32.   Second, the Registration Statement omits material information regarding the analyses performed by the Company's financial advisor, Barclays.

33.   With respect to Barclays' Selected Comparable Company Analysis – Core-Mark, the Registration Statement fails to disclose the individual multiples and metrics for the companies observed by Barclays in the analysis.

34.   With respect to Barclays' Selected Comparable Company Analysis – PFG, the Registration Statement fails to disclose: (i) the individual multiples and metrics for the companies observed by Barclays in the analysis; and (ii) PFG's 2011 and 2022 estimated non-GAAP earnings

per share used in the analysis.

35. With respect to Barclays' Selected Precedent Transaction Analysis, the Registration Statement fails to disclose: (i) the individual multiples and metrics for the transactions observed by Barclays in the analysis; (ii) the closing dates of the transactions; and (iii) the values of the transactions.

36. With respect to Barclays' Discounted Cash Flow Analysis – Core-Mark, the Registration Statement fails to disclose: (i) the terminal values of Core-Mark; (ii) all line items used to calculate unlevered free cash flow; (iii) the individual inputs and assumptions underlying the discount rates and perpetuity growth rates; and (iv) the number of fully diluted outstanding shares of Core-Mark common stock.

37. With respect to Barclays' Discounted Cash Flow Analysis – PFG, the Registration Statement fails to disclose: (i) the terminal values of PFG; (ii) all line items used to calculate unlevered free cash flow; (iii) the individual inputs and assumptions underlying the discount rates and perpetuity growth rates; and (iv) the number of fully diluted outstanding shares of PFG common stock.

38. With respect to Barclays' Research Analysts Price Targets Analyses of Core-Mark and PFG, the Registration Statement fails to disclose: (i) the price targets used in the analyses; (ii) the sources thereof; and (iii) the individual inputs and assumptions underlying the discount rates.

39. With respect to Barclays' Premiums Paid Analysis, the Registration Statement fails to disclose the premiums paid in the transactions.

40. When a banker's endorsement of the fairness of a transaction is touted to shareholders, the valuation methods used to arrive at that opinion as well as the key inputs and range of ultimate values generated by those analyses must also be fairly disclosed.

41. The omission of the above-referenced material information renders the Registration Statement false and misleading.

42. The above-referenced omitted information, if disclosed, would significantly alter the total mix of information available to the Company's stockholders.

## COUNT I

**Claim for Violation of Section 14(a) of the 1934 Act and Rule 14a-9 Promulgated Thereunder Against the Individual Defendants and Core-Mark**

43. Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

44. The Individual Defendants disseminated the false and misleading Registration Statement, which contained statements that, in violation of Section 14(a) of the 1934 Act and Rule 14a-9, in light of the circumstances under which they were made, omitted to state material facts necessary to make the statements therein not materially false or misleading. Core-Mark is liable as the issuer of these statements.

45. The Registration Statement was prepared, reviewed, and/or disseminated by the Individual Defendants. By virtue of their positions within the Company, the Individual Defendants were aware of this information and their duty to disclose this information in the Registration Statement.

46. The Individual Defendants were at least negligent in filing the Registration Statement with these materially false and misleading statements.

47. The omissions and false and misleading statements in the Registration Statement are material in that a reasonable stockholder will consider them important in deciding how to vote on the Proposed Transaction. In addition, a reasonable investor will view a full and accurate disclosure as significantly altering the total mix of information made available in the Registration Statement and in other information reasonably available to stockholders.

48. The Registration Statement is an essential link in causing plaintiff to approve the Proposed Transaction.

49. By reason of the foregoing, defendants violated Section 14(a) of the 1934 Act and Rule 14a-9 promulgated thereunder.

50. Because of the false and misleading statements in the Registration Statement, plaintiff is threatened with irreparable harm.

## COUNT II

### Claim for Violation of Section 20(a) of the 1934 Act
### Against the Individual Defendants and PFG

51. Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

52. The Individual Defendants and PFG acted as controlling persons of Core-Mark within the meaning of Section 20(a) of the 1934 Act as alleged herein. By virtue of their positions as officers and/or Board members of Core-Mark and participation in and/or awareness of the Company's operations and/or intimate knowledge of the false statements contained in the Registration Statement, they had the power to influence and control and did influence and control, directly or indirectly, the decision making of the Company, including the content and dissemination of the various statements that plaintiff contends are false and misleading.

53. Each of the Individual Defendants and PFG was provided with or had unlimited access to copies of the Registration Statement alleged by plaintiff to be misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause them to be corrected.

54. In particular, each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company, and, therefore, is presumed to have had the power to control and influence the particular transactions giving rise to the violations as alleged

herein, and exercised the same. The Registration Statement contains the unanimous recommendation of the Individual Defendants to approve the Proposed Transaction. They were thus directly involved in the making of the Registration Statement.

55. PFG also had supervisory control over the composition of the Registration Statement and the information disclosed therein, as well as the information that was omitted and/or misrepresented in the Registration Statement.

56. By virtue of the foregoing, the Individual Defendants and PFG violated Section 20(a) of the 1934 Act.

57. As set forth above, the Individual Defendants and PFG had the ability to exercise control over and did control a person or persons who have each violated Section 14(a) of the 1934 Act and Rule 14a-9, by their acts and omissions as alleged herein. By virtue of their positions as controlling persons, these defendants are liable pursuant to Section 20(a) of the 1934 Act. As a direct and proximate result of defendants' conduct, plaintiff is threatened with irreparable harm.

## PRAYER FOR RELIEF

**WHEREFORE**, plaintiff prays for judgment and relief as follows:

A. Preliminarily and permanently enjoining defendants and all persons acting in concert with them from proceeding with, consummating, or closing the Proposed Transaction;

B. In the event defendants consummate the Proposed Transaction, rescinding it and setting it aside or awarding rescissory damages;

C. Directing the Individual Defendants to disseminate a Registration Statement that does not contain any untrue statements of material fact and that states all material facts required in it or necessary to make the statements contained therein not misleading;

D. Declaring that defendants violated Sections 14(a) and/or 20(a) of the 1934 Act, as

well as Rule 14a-9 promulgated thereunder;

  E. Awarding plaintiff the costs of this action, including reasonable allowance for plaintiff's attorneys' and experts' fees; and

  F. Granting such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff hereby requests a trial by jury on all issues so triable.

Dated: July 6, 2021        **RIGRODSKY LAW, P.A.**

           By: */s/ Gina M. Serra*
             Seth D. Rigrodsky
             Timothy J. MacFall
             Gina M. Serra
             Vincent A. Licata
             825 East Gate Boulevard, Suite 300
             Garden City, NY 11530
             (516) 683-3516
             sdr@rl-legal.com
             tjm@rl-legal.com
             gms@rl-legal.com
             vl@rl-legal.com

             *Attorneys for Plaintiff*